OPINION OF THE COURT
Thomas J. McNamara, J.
*524 Motion by claimant for permission to late file a claim is granted in part and denied in part.
The proposed claim alleges causes of action for libel, slander, assault, battery, false arrest, negligent hiring, supervision, training and retention, abuse of process, negligence, outrageous conduct and violation of claimant’s rights under New York State Constitution, article I, §§ 6, 11 and 12.
When considering a motion for permission to late file a claim, the court is required to address six factors enumerated in Court of Claims Act § 10 (6). The first of those factors is whether there is a reasonable excuse for the delay in filing. According to claimant, the delay resulted from the fact that the criminal prosecution did not conclude until four months after his arrest on April 28, 1996. Though the continuation of the criminal action delayed accrual of any possible claim for malicious prosecution, though none is pleaded here, it did not delay accrual of the other proposed causes of action. More importantly, because all of the causes of action alleged are related to the arrest of claimant, resolution of the criminal action did not affect the factual basis for the proposed causes of action. Claimant, therefore, could have, and should have, served either a notice of intention or a claim prior to the expiration of the filing period.
Other factors to be considered are whether defendant had notice of the essential facts of the claim and an opportunity to investigate. Defendant had notice of the essential facts of the claim by reason of its participation in drawing the criminal complaint and making the arrest. However, as defendant was unaware of the allegations of wrongdoing, there was no opportunity to investigate. Nonetheless, because much of what occurred is memorialized in documents and because more than the passage of time is needed to establish that the delay in filing has caused substantial prejudice to defendant, the State has not been substantially prejudiced in its ability to defend against the claim.
Also to be considered is whether the proposed claim has an appearance of merit. A claim is said to have merit when it is not patently groundless, frivolous or legally defective and there is reason to believe that a valid cause of action exists (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1).
The first proposed cause of action is premised exclusively on the statement in the criminal complaint charging claimant with second degree burglary, a felony. However, individuals participating in a public function such as judicial proceedings *525 are afforded protection from liability for defamation by an absolute immunity (Toker v Pollak, 44 NY2d 211, 219). Protected participants include the Judge, attorneys, the parties, witnesses and jurors (Park Knoll Assocs. v Schmidt, 59 NY2d 205, 209). The privilege is designed to ensure that the individuals’ personal interests, especially fear of a civil action, do not interfere in the discharge of their public function (Toker v Pollack, supra, at 219). A criminal prosecution is a judicial proceeding (see, Levy v State of New York, 58 NY2d 733) and the complaint is the instrument which commences the action (CPL 1.20). A person filing a formal complaint charging another with a crime is, therefore, entitled to absolute immunity from a civil suit for defamation (see, Hastings v Lusk, 22 Wend 410, 417; Restatement [Second] of Torts § 587, comment b; cf., Toker v Pollack, 44 NY2d 211; Pecue v West, 233 NY 316 [person giving information to a District Attorney concerning the alleged commission of a crime afforded a qualified privilege because the communication does not institute a judicial proceeding]). Accordingly, the claim for libel does not have an appearance of merit.
Claimant also alleges causes of action for assault and battery. The acts involved in effecting an unlawful arrest may satisfy the elements of a claim for assault and battery (2 NY PJI2d 581). Claimant has asserted that he was arrested without a warrant and because an arrest made without a warrant is presumptively unlawful (Broughton v State of New York, 37 NY2d 451), and the elements of both causes of action are sufficiently alleged, the claims based upon assault and battery have an appearance of merit. In addition, based upon the allegation that the arrest was made without probable cause, the cause of action for false arrest also has an appearance of merit (see, Broughton v State of New York, supra) as does the claim for negligent supervision and hiring (Brown v State of New York, 89 NY2d 172, 197).
The fifth proposed cause of action is for abuse of process. The gist of an action for abuse of process lies in the improper use of process after it is issued and process is a direction or demand that the person to whom it is directed shall perform or refrain from doing some prescribed act (Williams v Williams, 23 NY2d 592). Claimant has failed to allege in the proposed claim the issuance of any process or an improper use of process. The proposed cause of action for abuse of process is without merit.
The sixth proposed cause of action is based upon allegations of negligence and gross negligence. Where, as here, the cause *526 of action for negligence is based upon an arrest, claimant must proceed by way of the traditional remedy of false imprisonment and cannot recover under broad principles of negligence (Shea v County of Erie, 202 AD2d 1028).
The seventh proposed cause of action is for outrageous conduct. Public policy prohibits the maintenance of a suit against the State for intentional infliction of emotional distress (Brown v State of New York, 125 AD2d 750, 752). The cause of action is, accordingly, without merit.
The 8th, 9th and 10th causes of action are based upon allegations of violations of claimant’s constitutional rights under New York State Constitution, article I, §§ 6, 11 and 12, respectively. Though a right of action sounding in constitutional tort based upon violation of equal protection and search and seizure (NY Const, art I, §§11, 12) rights has been recognized (Brown v State of New York, 89 NY2d 172, supra), all three proposed causes of action are without merit in the present circumstances.
Though the Court in Brown (89 NY2d 172, supra) recognized a civil damage remedy for a violation of a State constitutional provision in circumstances where the alleged violation did not fit within the definition of any common-law tort remedy, the Court did not hold that a constitutional tort remedy should be implied in all situations in which a violation of rights is alleged. In analyzing whether a remedy should be implied, the Court first examined whether the constitutional provision was self-executing.
Like sections 11 and 12, the due process provision in article I, § 6 is self-executing in that it defines a judicially enforceable right and provides a basis for relief against the State if the right is violated (see, e.g., Rivers v Katz, 67 NY2d 485). However, violation of a self-executing provision will not always support a claim for damages and a constitutional tort remedy should only be implied where it is necessary to ensure the effectiveness of the provision and appropriate in furtherance of its purpose (see, Brown v State of New York, 89 NY2d 172, supra).
Unlike the situation in Brown (89 NY2d 172, supra) where the claimants had no common-law or statutory remedy available to them, here, claimant has stated causes of action for *527 false arrest, malicious prosecution,* assault and. battery. In other jurisdictions, when an alternative remedy was available, the courts have refused to imply a constitutional remedy (Shields v Gerhart, 163 Vt 219, 658 A2d 924 [adequate administrative remedy for the loss of her day care facility license]; Turpin v Mailet, 591 F2d 426 [no direct right of action under the Federal Constitution available where plaintiffs had available a remedy under 42 USC § 1983]; King v Alaska State Hous. Auth., 633 P2d 256 [Alaska] [denial of due process in the rejection of a contract bid was dismissed because of the availability of a contract remedy]; Provens v Stark County Bd. of Mental Retardation & Dev. Disabilities, 64 Ohio St 3d 252, 594 NE2d 959 [dismissed a damages claim based on the Ohio Constitution because plaintiffs rights were protected by the civil rights commission and collective bargaining arbitration]; Rockhouse Mtn. Prop. Owners Assn. v Town of Conway, 127 NH 593, 503 A2d 1385 [damages inappropriate remedy for equal protection violation in refusal to lay out road because appeal of refusal is adequate remedy]; but see, Widgeon v Eastern Shore Hosp. Ctr., 300 Md 520, 479 A2d 921 [existence of other available remedy is not persuasive basis for failing to recognize a remedy under the Constitution]). Other courts have implied a remedy after determining that no adequate State remedy existed (Corum v University of N. C., 330 NC 761, 413 SE2d 276; Moresi v State of Louisiana, 567 So 2d 1081 [La 1990]).
Superimposing this principle onto the standard enunciated in Brown (supra), the question becomes whether the available common-law remedy will insure the effectiveness of the constitutional provision. If not, it may be appropriate to imply a remedy under the Constitution. However, if the common-law remedy vindicates the right protected by the constitutional provision, the need for implying a damage remedy does not exist.
A comparison of the injuries alleged in the common-law causes of action with the injuries alleged in the claims grounded on the Constitution shows that the common-law and constitutional remedies seek to redress the same ills. Consequently, no useful purpose would be served by implying a remedy under the Constitution and, therefore, the causes of action alleging violation of article I, §§ 6, 11 and 12 of the New York State Constitution lack an appearance of merit.
*528 No adequate alternate remedy is available.
On balance, consideration of the factors in Court of Claims Act § 10 (6) weigh in favor of granting the motion with respect to the causes of action for false arrest, assault, battery and negligent hiring, training and supervision. Claimant is to serve and file a proposed claim containing those causes of action in the manner required by Court of Claims Act § 11 within 30 days of service upon him of a file-stamped copy of this order. Permission to file claims for libel, slander, negligence, intentional infliction of emotional distress and violation of rights under New York State Constitution, article I, §§ 6, 11 and 12 is denied.

 Although claimant has not included a cause of action for malicious prosecution in the proposed claim, he has presented such a claim in another filing (Remley v State of New York, claim No. 96098).