**Dhoruba Bin WAHAD, formerly Richard Dhoruba Moore, Plaintiff,**

**v.**

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**No. 75 CIV. 6203 MJL.**

United States District Court, S.D. New York.

March 1, 1998.

Robert J. Boyle, New York City, Elizabeth M. Fink, Brooklyn, NY, for Plaintiff.

Paul A. Crotty, Corporation Counsel of the City of New York by Ruby Bradley, Gail Donoghue, New York City, for Defendants.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), to amend the Fourth Amended Complaint. Specifically, Plaintiff seeks to add a cause of action for violations of his due process rights under Section 6 of Article I of the New York State Constitution. Defendants City of New York and Michael Codd (collectively referred to herein as "Municipal Defendants") oppose the motion. For the reasons stated below, Plaintiff's motion is denied.

## BACKGROUND

The Court assumes familiarity with the facts of this case, *see Wahad v. Federal Bureau of Investigation,* 132 F.R.D. 17 (S.D.N.Y.1990), and will briefly summarize the facts pertinent to this motion. This action was filed on December 10, 1975. Plaintiff's complaint alleged illegal surveillance and initiation of false criminal charges by past and present federal and local officials. Plaintiff claims that these actions, directed against him and the Black Panther Party, violated his rights under the United States Constitution and various federal statutes.

Plaintiff is a former leader of the New York chapter of the Black Panther Party. He was a member of the chapter from 1968 to 1971. In 1971, he was arrested for the attempted murder of two New York City police officers. In 1973, a jury convicted Plaintiff on two counts of attempted murder and felony possession of a weapon. The state court sentenced Plaintiff to 25 years in prison. In 1993, after Plaintiff had served 19 years in prison, his conviction was vacated by the New York State Supreme Court.

Plaintiff claims that, during his criminal trial, agents and officers of defendant City of New York "suborned perjurious testimony[], withheld exculpatory evidence, and fabricat-

ed physical evidence" in violation of his due process rights under the Fifth and Fourteenth Amendments. *See* Fourth Am. Compl. ¶¶ 39–47, 67. These federal claims fall under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff seeks leave to file an amended complaint in order to add a cause of action for these alleged violations under the due process clause of Section 6 of Article I of the New York State Constitution ("State Due Process Clause").

## DISCUSSION

### I. *Legal Standard Governing Rule 15(a)*

Rule 15(a) provides that leave to amend "shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a). A district court, however, is "justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss." *Gray v. Furia Org., Inc.,* 896 F.Supp. 144, 147 (S.D.N.Y.1995). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994). When considering a Rule 12(b)(6) motion, courts must accept plaintiff's allegations as true, together with such reasonable inferences as may be drawn in its favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### II. *Plaintiff's Motion to Amend*

Plaintiff seeks leave to amend the Fourth Amended Complaint in order to add a damages claim for a violation of his rights under the State Due Process Clause.[1] No explicit constitutional or statutory authority sanctions a private right of action for violations of the New York State Constitution. *Brown v. State of New York,* 89 N.Y.2d 172, 186, 652 N.Y.S.2d 223, 674 N.E.2d 1129 (1996). Thus, the Court must determine whether Plaintiff's proposed amendment entails an implied right

---

1. Section 6 of Article I of the New York State Constitution provides that: "No person shall be

deprived of life, liberty or property without due process of law." N.Y. Const. Art. I, § 6.

of action under the State Due Process Clause.

Plaintiff argues that the New York Court of Appeals "implicitly if not explicitly" recognized a private right of action under the State Due Process Clause in *Brown v. State of New York*, 89 N.Y.2d 172, 652 N.Y.S.2d 223, 674 N.E.2d 1129 (1996). *See* Pl.'s Mem. at 4. In response, Municipal Defendants contend that "New York State courts would decline to imply a cause of action for violation of the [due process] provision" of the New York Constitution under the *Brown* analysis. Defs.' Mem. at 5. The Court agrees.

In *Brown*, the New York Court of Appeals recognized a "narrow remedy" against the State of New York for violations of the equal protection and search and seizure guarantees of the New York State Constitution. 89 N.Y.2d at 192, 652 N.Y.S.2d 223, 674 N.E.2d 1129. The claims in *Brown* arose out of a state police investigation following the attack of an elderly woman. *Id.* at 176, 652 N.Y.S.2d 223, 674 N.E.2d 1129. The class action complaint alleged that all "non-white" males found in the City of Oneonta were stopped and interrogated in violation of their rights under the equal protection and search and seizure clauses of the New York Constitution. *Id.*

In recognizing a private right of action for equal protection and search and seizure violations under the State Constitution, the Court of Appeals relied heavily upon the Supreme Court's analysis in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Brown*, 89 N.Y.2d at 187–89, 652 N.Y.S.2d 223, 674 N.E.2d 1129.[2] In *Bivens*, the Supreme Court implied a private cause of action for damages against federal officials who violated the search and seizure provisions of the Fourth Amendment. 403 U.S. at 395.[3] The *Brown* court identified the rationale underlying *Bivens* as two-fold: (1) the protection of constitutional guarantees on their own terms "without being linked to some common-law or statutory tort," and (2) the "obligation to enforce these rights by ensuring that each individual receives an adequate remedy for [the] violation of a constitutional duty." *Id.* at 187. The court explained that "[i]f the remedy is not forthcoming from the political branches of government, then the courts must provide it by recognizing a damage remedy against the violators." *Id.*

The *Brown* court concluded that implying a damages remedy was "necessary" in order to ensure the full realization of the class plaintiffs' constitutional rights. *Id.* at 189, 652 N.Y.S.2d 223, 674 N.E.2d 1129 (citing *Bivens*, 403 U.S. at 406 (Harlan, J., concurring)). Because the plaintiffs presented no basis for obtaining prospective relief against the State, for them, as in *Bivens*, "it [was] damages or nothing." *Id.* at 192 (citing *Bivens*, 403 U.S. at 410 (Harlan, J., concurring)). The court further explained that the remedies created by Congress and the Supreme Court had failed to reach State action "though it is on the local level that most law enforcement functions are performed and the greatest danger of official misconduct exists." *Id.* Accordingly, the *Brown* court held that,

---

**2.** In particular, the *Brown* Court placed heavy reliance on Justice Harlan's concurrence in *Bivens*. 89 N.Y.2d at 189–92, 652 N.Y.S.2d 223, 674 N.E.2d 1129.

**3.** In *Bivens*, six agents of the Federal Bureau of Narcotics conducted an illegal search of Bivens' apartment. *Id.* Bivens had no adequate remedy for the damages he suffered because the United States had not yet waived its sovereign immunity for intentional torts committed by federal agents. *See id.* at 410. (The Federal Tort Claims Act was subsequently amended to allow suits for claims arising out of assault, battery, and false arrest. *See* 28 U.S.C. § 2680(h) (Supp.V.1975).). Since only federal agents had participated in the search, 42 U.S.C. § 1983, which only reaches state action, was inapplicable. Bivens was never prosecuted so there was no occasion to suppress illegally seized evidence under the exclusionary rule. Thus, in order to redress the violation of his constitutional rights, Bivens' only recourse was an action in damages based directly on the Fourth Amendment. *Bivens*, 403 U.S. at 410. Upholding the constitutional cause of action, the Supreme Court stated that "where federally protected rights have been invaded, it has been the rule from the beginning that courts would be alert to adjust their remedies so as to grant the necessary relief." *Id.* at 395. Justice Harlan, in his concurring opinion, stressed that because plaintiff could not obtain prospective relief, and because sovereign immunity precluded relief against the federal government, "[f]or people in Bivens' shoes," it is damages "or nothing." *Id.* at 410.

"[b]y recognizing a narrow remedy for violations of sections 11 and 12 of article I of the State Constitution, we provide appropriate protection against official misconduct at the State level." *Id.*

The rationale of *Brown* is inapplicable in this case. Unlike *Brown* where the plaintiffs had no remedy against the State, Plaintiff has stated a viable Section 1983 claim against the Municipal Defendants for the alleged due process violations. Plaintiff's due process claims, therefore, have means for redress. Accordingly, the existence of alternative damage remedies under Section 1983 obviates the need to imply a private right of action under the State Due Process Clause. *See, e.g., Remley v. State,* 174 Misc.2d 523, 665 N.Y.S.2d 1005, 1009 (Ct.Cl.1997) (refusing to imply private right of action for violations of State Due Process Clause under *Brown* analysis because plaintiff had alternative remedies under state tort law); *Taylor v. State of Rhode Island,* 726 F.Supp. 895, 901 (D.R.I.1989) (dismissing claim for damages under equal protection clause of Rhode Island State Constitution where plaintiff had alternative remedy under Title VII to address his employment grievance); *cf. Turpin v. Mailet,* 591 F.2d 426 (2d Cir.1979) (*en banc*) (refusing to imply *Bivens* action under federal constitution where plaintiffs had remedy under Section 1983).[4] Because the State Due Process Clause claim would not survive a motion to dismiss, the Court denies Plaintiff's request to amend his complaint in order to add this futile claim.

## CONCLUSION

The Court hereby denies Plaintiff's motion to amend the Fourth Amended Complaint to

---

**4.** Plaintiff insists that "the availability of alternative remedies is irrelevant" where the remedy does not constitute a direct "substitute" for the constitutional cause of action. Pl.'s Reply Mem. at 6. According to Plaintiff, Section 1983 cannot be deemed an effective "substitute" because it does not provide for *respondeat superior* liability as would a claim under the New York State Constitution. *Id.* Contrary to Plaintiff's assertions, the *Brown* Court interpreted the *Bivens* doctrine as requiring an "adequate" remedy for the constitutional violation, not a direct substitute for the claim. *See Brown,* 89 N.Y.2d at 187, 652 N.Y.S.2d 223, 674 N.E.2d 1129. The *Brown* court's interpretation is consistent with the line of Supreme Court cases following *Bivens.* Since

claim for damages under the due process clause of the New York State Constitution.

It is So Ordered.

*Bivens,* the Supreme Court has refused to imply constitutional damages claims where Congress has created an alternative remedy, even where the alternative remedy offers significantly less protection to plaintiff. *See, e.g., Bush v. Lucas,* 462 U.S. 367, 388–90, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) (denying *Bivens* action under First Amendment where civil service remedy was available to plaintiff, even though statutory remedy did not fully compensate plaintiff for harm he suffered). Thus, Section 1983 need not provide the exact same standard of relief in order to provide an adequate remedy that would vindicate Plaintiff's due process claims. Accordingly, the Court finds Plaintiff's argument unavailing.