■ In the Matter of SEBASTIAN MELLUZZO, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [673 NYS2d 748] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On February 14, 1996, petitioner was shot in the thigh by another inmate while incarcerated at Arthurkill Correctional Facility in Richmond County. Following an intensive investigation of the incident, a misbehavior report dated September 9, 1996, authored by Deputy Inspector General George Seyfert, charged petitioner with violating prison disciplinary rules prohibiting possession of contraband, smuggling, possession of an explosive device or causing an explosion, bribery and self-mutilation. Specifically, the detailed misbehavior report alleges that petitioner bribed a facility counselor to smuggle a .25-caliber pistol containing three live rounds of ammunition into the facility and that on the date of the incident petitioner and two other inmates, Walter Broome and Basil Mele, walked to a restricted area of the facility where Broome shot petitioner at petitioner's direction. The report states that petitioner then directed Mele to throw the weapon over the facility's perimeter fence where it was retrieved by Seyfert's staff at a later date.

A tier III hearing was commenced on September 13, 1996, at which petitioner formally waived his right to attend and participate in the hearing and the Hearing Officer entered a plea of not guilty on petitioner's behalf. The Hearing Officer later found that petitioner had engaged in the charged acts based on the information contained in the misbehavior report and imposed a penalty of, *inter alia,* 10 years' confinement in a special housing unit and 120 months' loss of good time. Thereafter, on September 20, 1996 (three days before the September 23, 1996 deadline for completing the hearing pursuant to 7 NYCRR 251-5.1), the Hearing Officer reopened the hearing for the limited purpose of taking confidential testimony from Seyfert to learn more about the investigation and any evidence concerning petitioner's motive. Petitioner objected to the reopening, again refused to participate, and following the confidential testimony the Hearing Officer reaffirmed his original findings. Upon administrative appeal, the finding of guilt was affirmed but petitioner's penalty was reduced to 36 months' confinement with loss of privileges and 60 months' loss of good time. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

We confirm. Petitioner maintains that the initial September 13, 1996 determination of guilt was final and based on insufficient evidence, and that the Hearing Officer improperly reopened the hearing on September 20, 1996 to introduce further evidence to sustain the charges. However, our review indicates that the September 13, 1996 determination was supported by substantial evidence and the Hearing Officer did not reopen the hearing to correct any prior deficiency in the proof.

It is established law that a misbehavior report alone can support a determination of an inmate's guilt provided the details set forth in the report are sufficiently specific as to time, place and persons involved to satisfy the requirements of substantial evidence (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966; *Matter of Palacio v State of N. Y. Dept. of Correctional Servs.,* 182 AD2d 900, 901). Seyfert's comprehensive September 9, 1996 report was precise in its details of the incident and had petitioner wished to cross-examine Seyfert concerning the report, it was his prerogative to call Seyfert as a witness. However, petitioner chose not to exercise this right and thus the Hearing Officer was entitled to credit Seyfert's report (*see, Matter of Perez v Wilmot,* 67 NY2d 615, 617).

With respect to the reopening of the hearing, we find no error. The reopening was timely and as this Court noted in *Matter of Murray v Scully* (170 AD2d 829, 831, *lv denied* 78 NY2d

856), the Court of Appeals in *Matter of Hartje v Coughlin* (70 NY2d 866) did "not limit the power of an agency to conduct a new hearing before it issues a final determination and before an inmate seeks judicial review" (*see, Matter of Laureano v Kuhlmann*, 75 NY2d 141, 148).

Finally, we reject petitioner's contention that he should be credited with the time he spent in administrative segregation prior to the initial determination of his guilt on September 13, 1996. There is nothing in the regulations of the Department of Correctional Services that requires petitioner's prehearing segregation be credited toward the penalty imposed after a disciplinary hearing (*see, Matter of Fama v Mann*, 196 AD2d 919, 920, *lv denied* 82 NY2d 662).

Cardona, P. J., Mikoll, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.