■ KING DAVIS, Appellant, v STATE OF NEW YORK, Respondent. [694 NYS2d 487] —Graffeo, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered July 13, 1998, which denied claimant's motion for summary judgment and dismissed the claim.

Claimant, a prison inmate, was the subject of a misbehavior report, dated October 22, 1996, alleging that he had made comments to a fellow inmate disparaging the morals of female correction officers in general and relating his plans to engage a certain female correction officer in an act of oral sex. After being charged with a violation of the prison disciplinary rule that prohibits inmates from harassing staff members, he was immediately confined to the special housing unit (hereinafter SHU). A tier III disciplinary hearing began on October 28, 1996 and concluded on November 8, 1996, after which claimant was found guilty and sentenced to two months' confine-

ment in SHU, commencing November 8, 1996. Claimant's subsequent administrative appeal led to the reversal on January 8, 1997 of the Hearing Officer's finding of guilt. He was released from SHU on the date when his two-month sentence was scheduled to end.

On December 9, 1996, while confined in SHU, claimant filed the instant claim, demanding money damages arising out of his alleged unlawful imprisonment, based on his contention that the 17 days he was confined in SHU prior to the date he was found guilty of harassment should have been subtracted from his two-month sentence. The Court of Claims denied claimant's subsequent motion for summary judgment and dismissed the claim. This appeal ensued.

The actions of correctional facility employees insofar as they relate to inmate discipline are quasi-judicial in nature and, unless they exceed the scope of their authority or violate applicable rules and regulations, are accorded absolute immunity (*see, Arteaga v State of New York*, 72 NY2d 212, 218-220; *Matter of Rivera v Smith*, 63 NY2d 501, 513). Such disciplinary actions include the decision to confine an inmate who is reasonably perceived to pose a threat to the safety and security of the facility (*see*, 7 NYCRR 251-1.6 [a]). As claimant's sexually explicit comments regarding a female correction officer indicated an intent to physically assault her, the decision to remove him from the general prison population was both reasonable and subject to absolute immunity (*see, Matter of Arteaga v State of New York, supra*, at 219-220).

It should be noted that nothing in the applicable regulations of the Department of Correctional Services provides that time spent in prehearing administrative segregation is to be subtracted from the penalty imposed after a hearing (*see, Matter of Melluzzo v Goord*, 250 AD2d 893, 895, *lv denied* 92 NY2d 814; *Matter of Fama v Mann*, 196 AD2d 919, 920, *lv denied* 82 NY2d 662). Claimant's remaining contentions have been considered and found to be without merit.

Mikoll, J. P., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.