*81
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 The long history of this appeal began in September 1987 when, pursuant to a search warrant, defendants — Schenectady police officers — entered the residence of plaintiff Melody Martinez, seized four ounces of cocaine from a dresser drawer in her bedroom and arrested her.
 

 The search warrant grew out of an investigation into suspected drug activity at plaintiff’s address. Two days before the arrest a confidential informant advised Schenectady police that she could obtain drugs from a woman named Melody at that address, and they arranged for an uncontrolled buy to be made that same evening. The informant went to plaintiff’s residence without a police escort or “buy” money and obtained the drugs, which she turned over to the police. The next day, at the request of the police, the informant placed a monitored telephone call to plaintiff, during which she made references suggestive of a drug transaction. Based on two affidavits signed “Confidential Informant,” and one affidavit from a defendant-officer, the police secured a search warrant for plaintiff’s residence. There they discovered the cocaine as well as mail addressed to plaintiff at that location. They also obtained an admission from plaintiff that she lived there, and they arrested her.
 

 Charged with criminal possession of a controlled substance in the first degree, plaintiff challenged the validity of the search warrant, seeking the identity of the informant and suppression of evidence of the telephone conversation and admission. Following a suppression hearing and
 
 Darden
 
 hearing
 
 (see, People v Darden,
 
 34 NY2d 177 [1974]), County Court denied the motion. Plaintiff was then tried before a jury, convicted and
 
 *82
 
 sentenced to a prison term of 15 years to life. The Appellate Division affirmed, finding probable cause for issuance of the warrant, even without disclosure of the informant’s identity, and sufficient evidence to support the conviction
 
 (People v Martinez,
 
 169 AD2d 340 [1991]). On appeal, we reversed and granted plaintiffs motion to suppress on the ground that the warrant application did not include enough detail to enable the issuing court to determine the reliability of the undisclosed informant
 
 (People v Martinez,
 
 80 NY2d 549 [1992]). After serving four years of her sentence, plaintiff was released from prison.
 

 Plaintiff then brought suit in the United States District Court for the Northern District of New York against the City of Schenectady and five officers involved in the relevant events, asserting a claim for damages under 42 USC § 1983, common-law claims of malicious prosecution and false imprisonment, and a claim against the City for negligent hiring, training and supervision of the officers. The District Court granted the City’s motion for summary judgment on the section 1983 and negligence claims. As to defendant-officers, the court found an open question of fact regarding their qualified immunity defense to the section 1983 claim, and dismissed the common-law claims on statute of limitations grounds.
 

 On appeals by plaintiff and the officers, the United States Court of Appeals for the Second Circuit reversed the denial of defendants’ summary judgment motion, concluding as a matter of law that qualified immunity barred the assertion of the section 1983 claims against the police officers
 
 (Martinez v City of Schenectady,
 
 115 F3d 111 [1997]). Applying the “corrected affidavits” doctrine previously espoused by the Second Circuit, the court reviewed all the evidence known to the officers at the time they sought the warrant — whether or not such evidence was before the issuing court — to determine if under the totality of the circumstances a reasonable officer would believe that there was probable cause for the search. The Second Circuit was satisfied that the officers had reasonable grounds to believe probable cause supported the warrant and they therefore were entitled to qualified immunity. On remand, the District Court dismissed the remaining pendent State law claims on jurisdictional grounds, subject to the defendants’ limited waiver of the statute of limitations.
 

 The present action followed in State Supreme Court against the City of Schenectady and the officers individually, asserting three causes of action, each seeking $3,000,000 in damages:
 
 *83
 
 false imprisonment, malicious prosecution, and violation of article I, §§ 1, 11 and 12 of the New York State Constitution.
 
 [1]
 
 On cross motions for summary judgment, the court dismissed the complaint, and the Appellate Division affirmed. We now affirm.
 

 We begin by addressing plaintiffs tort claim based on alleged violations of the New York State Constitution. We agree with Supreme Court and the Appellate Division that the “narrow remedy” established in
 
 Brown v State of New York
 
 (89 NY2d 172,192 [1996]) cannot be stretched to fit the facts before us.
 

 In
 
 Brown,
 
 State and local law enforcement officials investigating a reported knifepoint attack allegedly engaged in racially motivated interrogations, citywide, of nonwhite males in violation of their State constitutional rights; none of the plaintiffs was charged with a crime. As we noted in
 
 Brown,
 
 implying a damage remedy was not only consistent with the purposes of the Search and Seizure and Equal Protection Clauses that had allegedly been violated but also, in that case, “necessary and appropriate to ensure the full realization of the rights they state”
 
 (id.,
 
 at 189;
 
 see generally,
 
 Gail Donoghue and Jonathan I. Edelstein,
 
 Life After Brown: The Future of State Constitutional Tort Actions in New York,
 
 42 NYL Sch L Rev 447 [1998]).
 

 The remedy recognized in
 
 Brown
 
 addresses two interests: the private interest that citizens harmed by constitutional violations have an avenue of redress, and the public interest that future violations be deterred. In
 
 Brown
 
 itself, neither declaratory nor injunctive relief was available to the plaintiffs, nor — without a prosecution — could there be suppression of illegally obtained evidence. For those plaintiffs it was damages or nothing. We made clear, however, that the tort remedy is not boundless. Claimants must establish grounds that entitle them to a damages remedy, in addition to proving that their constitutional rights have been violated.
 

 Recognition of a constitutional tort claim here is neither necessary to effectuate the purposes of the State constitutional protections plaintiff invokes, nor appropriate to ensure full realization of her rights. Without question, the cost to society of exclusion of evidence and consequent reversal of plaintiffs conviction notwithstanding proof of guilt beyond a reasonable
 
 *84
 
 doubt will serve the public interest of promoting greater care in seeking search warrants. Unlike in
 
 Brown,
 
 the deterrence objective can be satisfied here by exclusion of the constitutionally challenged evidence.
 

 Moreover, plaintiff fails to demonstrate how money damages are appropriate to ensure full realization of her asserted constitutional rights. Even after years of discovery, plaintiff has not distinguished her case from that of any criminal defendant who has been granted suppression, or reversal of a conviction, based on technical error at the trial level. Plaintiff has shown no grounds that would entitle her to a damage remedy in addition to the substantial benefit she already has received from dismissal of the indictment and release from incarceration.
 

 Having concluded that plaintiff does not assert a cognizable tort claim, and that summary judgment was correctly granted dismissing this claim, we need not separately consider whether individual police officers, or a city, may be protected by qualified or absolute immunity from such claims.
 

 The courts below also correctly awarded summary judgment dismissing plaintiff’s malicious prosecution cause of action.
 

 To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice
 
 (Broughton v State of New York,
 
 37 NY2d 451, 457,
 
 cert denied sub nom. Schanbarger v Kellogg,
 
 423 US 929 [1975]). Without reaching the remaining grounds, plaintiffs cause" of action must fail if only because the criminal proceeding was not terminated in her favor.
 

 A criminal defendant has not obtained a favorable termination of a criminal proceeding where the outcome is inconsistent with the innocence of the accused. While a plaintiff need not prove actual innocence in order to satisfy the favorable termination prong of a malicious prosecution action
 
 (Smith-Hunter v Harvey,
 
 95 NY2d 191, 199 [2000]), the absence of a conviction is not itself a favorable termination. A termination is not favorable, for example, where a prosecution ends because of a compromise with the accused, or where the accused’s own misconduct frustrates the prosecution’s ability to proceed with the case
 
 (see, e.g., Cantalino v Danner,
 
 96 NY2d 391, 395 [2001]). Plaintiffs felony conviction was reversed not because
 
 *85
 
 of her lack of culpability — indeed, her guilt was proven beyond a reasonable doubt — but because the evidence that formed the basis for her conviction was obtained pursuant to a faulty search warrant. There is plainly no favorable termination here for purposes of malicious prosecution.
 

 Finally, we agree with the courts below that plaintiff’s false imprisonment claim cannot survive summary judgment. A plaintiff asserting a common-law claim for false imprisonment must establish that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged. The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim
 
 (Broughton v State of New York,
 
 37 NY2d, at 458).
 
 [2]
 
 Here, the officers’ prior identification of the searched premises as a suspected drug distribution point, the cocaine obtained from the informant, the informant’s recorded telephone call to plaintiff, discovery of cocaine and mail addressed to plaintiff at the searched premises, and plaintiff’s admission during the search that she lived at that address provided probable cause for her arrest. The facts of this case do not compel recognition of a false imprisonment claim.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Smith, Ciparick, Wesley and Rosenblatt concur; Judges Levine and Graffeo taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . Plaintiff asserted, but withdrew, a claim for negligent hiring, training and supervision against the City.
 

 [2]
 

 . We acknowledge the Second Circuit’s determination that, based on a totality of the circumstances bearing upon the reliability of the informant used, the existence of probable cause for the
 
 search
 
 immunized defendants from a section 1983 claim. Contrary to the conclusion of the Appellate Division (276 AD2d 993, 995), this finding does not estop our separate consideration of whether there was probable cause for plaintiffs
 
 arrest
 
 for the purpose of claims for false imprisonment and malicious prosecution.