■ Hospital Receivable Systems, Inc., Appellant, v State of New York, Respondent. [750 NYS2d 602] —Order and judg-

ment (one paper), Court of Claims of the State of New York (Richard Sise, J.), entered on or about April 12, 2002, which, after a trial, dismissed the claim in its entirety, bringing up for review an order, same court (Susan Phillips Read, J.), entered December 30, 1998, which denied, in part, claimant's motion to amend the claim, and order, same court (Richard Sise, J.), entered April 5, 2002, which denied claimant's motion to renew the motion to amend and conform the pleadings to the proof, unanimously affirmed, without costs. Appeals from the aforementioned orders entered December 30, 1998 and April 5, 2002, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing order and judgment (one paper).

In this claim by a Medicaid "code 4" services provider for tortious interference with an at-will agreement and breach of statutory confidentiality based on an assistant attorney general's disclosure to outside counsel for a hospital that allegedly caused the hospital to terminate claimant's services, the trial court's determination that claimant had failed to show the alleged disclosure was the "but for" cause of the termination (*see Vigoda v DCA Prods. Plus*, 293 AD2d 265, 266; *Snyder v Sony Music Entertainment*, 252 AD2d 294, 299) constituted a fair interpretation of the evidence. The hospital executive responsible for the termination had provided credible testimony that additional factors had led to his decision (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495).

The claim for breach of confidentiality under Civil Rights Law § 73 (8) was properly dismissed, since that provision applies only when the Attorney General is acting pursuant to Executive Law § 63 (8) and not when in the course of a criminal prosecution pursuant to Executive Law § 63 (3), as was the case here. It is therefore unnecessary to reach the question of whether the confidentiality provision, the violation of which constitutes a misdemeanor, gives rise to a private cause of action.

Claimant's motion to amend to add a state constitutional tort claim was properly denied (*see Martinez v City of Schenectady*, 97 NY2d 78, 83). Concur—Mazzarelli, J.P., Andrias, Saxe, Sullivan and Rosenberger, JJ.