■ AL WAXTER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 102256.) [826 NYS2d 753]—

Cardona, P.J. Appeal from an order of the Court of Claims (Hard, J.), entered February 17, 2005, which partially granted defendant's motion for summary judgment dismissing the claim.

In April 1997, claimant was sexually assaulted by a correction officer while an inmate at Adirondack Correctional Facility in Essex County.[1] In April 2000, claimant brought this claim setting forth various causes of action alleging, among other things, a violation of the right to be free from cruel and inhuman treatment, pursuant to NY Constitution, article I, § 5, and negligence with respect to the foregoing incident. Following joinder of issue, defendant moved for summary judgment dismissing the claim. The Court of Claims dismissed claimant's causes of action for constitutional tort and negligence, however, the court preserved a cause of action for harassment, abuse and excessive wrongful confinement.[2]

On appeal, claimant's sole argument is that the Court of Claims erred in dismissing his cause of action alleging a constitutional tort premised upon the Court of Appeals' decision in *Brown v State of New York* (89 NY2d 172 [1996]). In *Brown*, the Court of Appeals recognized that, when certain requirements are met, a violation of the NY Constitution may give rise to a private cause of action. However, "the claimants in *Brown* were limited to recovery by [a constitutional tort cause of action] 'or nothing' " (*Bullard v State of New York*, 307 AD2d 676, 678-679 [2003], quoting *Martinez v City of Schenectady*, 97 NY2d 78, 83 [2001]); no other remedy was feasible. Moreover, in *Martinez*, the Court clarified that such a right is a "narrow" one and indicated that recognition of a constitutional tort claim is not necessary where the claimant has an alternate "avenue of redress" (*Martinez v City of Schenectady, supra* at 83). Thus, a private right of action for a violation of the NY Constitution is unavailable where an alternative remedy, such as, among other things, a common-law action for damages, exists (*see e.g. Lyles v State of New York*, 2 AD3d 694 [2003], *affd* 3 NY3d 396 [2004];

---

1. The assaulting correction officer was ultimately convicted of sodomy in the third degree and official misconduct as a result of this incident.

2. The Court of Claims also noted in its decision that a federal action based upon 42 USC § 1983 that claimant commenced against the assaulting correction officer in his individual capacity was still pending.

*Augat v State of New York,* 244 AD2d 835 [1997], *lv denied* 91 NY2d 814 [1998]).

Here, we agree that an adequate remedy for a claim of sexual assault is available, namely, a timely-interposed common-law tort action for assault and battery against the correction officer in his individual capacity (*see e.g. Morris v State of New York,* 27 AD3d 282, 282 [2006]; *Lyles v State of New York, supra; see also Augat v State of New York, supra*). Although claimant implies that such a remedy is inadequate because the assaulting correction officer allegedly has little or no assets, we note that, even if that contention is true, it would be unpersuasive because "[t]he adequacy of a legal remedy is determined by the ability to bring an action at law and recover a judgment . . . [and] does not depend upon the collectability of the claim" (55 NY Jur 2d, Equity § 26).

Moreover, we do not find the remedy to be inadequate because of the absence of a cause of action against defendant. We are additionally unpersuaded by claimant's argument that he is barred by Correction Law § 24 from seeking recovery against the correction officer in his individual capacity. Since that statutory section only bars civil actions for damages against any officer or employee of the Department of Correctional Services incurred "within the scope of the employment and in the discharge of the duties by such officer or employee" (Correction Law § 24 [1]), it is inapplicable in a situation such as this where the act of sexual assault was "committed solely for personal reasons" (*Dia CC. v Ithaca City School Dist.,* 304 AD2d 955, 956 [2003], *lv denied* 100 NY2d 506 [2003]).

The remaining contentions raised by claimant in support of his request for reinstatement of the constitutional tort claim have been examined and found to be unpersuasive.

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 6 Misc 3d 1035(A), 2005 NY Slip Op 50305(U) (2005).]