■ Isidoro Deleon, Appellant, v State of New York, Respondent. [882 NYS2d 351]—

Kane, J. Appeal from an order of the Court of Claims (Mignano, J.), entered September 16, 2008, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

In May 2007, claimant, an inmate at Shawangunk Correctional Facility in Ulster County, filed a notice of intention to file a claim alleging that, through both negligent and intentional acts, his placement by correction officers in a double-bunk cell from February 6, 2007 to May 15, 2007 violated his constitutional rights. Claimant did not take any further action on this matter until June 2008, when he filed a motion for permission to file a late claim pursuant to Court of Claims Act § 10 (6), asserting, for the first time, that his placement in the double-bunk cell comprised a constitutional tort. The Court of Claims denied the motion because, among other things, claimant had an alternative legal remedy, and claimant now appeals.

We affirm. A constitutional tort claim is barred when a claimant has an alternative legal remedy to protect his or her constitutional rights (*see Martinez v City of Schenectady*, 97 NY2d 78, 83-84 [2001]; *Bullard v State of New York*, 307 AD2d 676, 678-679 [2003]). Claimant, in fact, filed an administrative grievance alleging the violation of his constitutional rights by being placed in the double-bunk cells. Here, claimant had an

alternative legal remedy in the form of a CPLR article 78 proceeding challenging the administrative denial of his grievance (*see Watson v State of New York*, 35 AD3d 985, 986 [2006], *lv denied* 8 NY3d 816 [2007]). Therefore, we conclude that claimant's constitutional tort claim is barred.

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.