*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    516541
_____

WOODROW FLEMMING,
                    Appellant,

          v                              MEMORANDUM  AND  ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:  May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

                         _____


        Woodrow Flemming, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

                         _____


Devine, J.

        Appeal from a judgment of the Court of Claims (DeBow, J.),
entered March 18, 2013, upon a decision of the court in favor of
defendant.

        Claimant, an inmate, commenced an action alleging, among
other things, that he was deprived of personal property as the
result of a cell search.  Following a trial, the Court of Claims
partially granted defendant's motion to dismiss the claim,
finding that the notice of claim as it related to allegations
that facility officials conspired against claimant and failed to
investigate his complaint did not comply with the pleading
requirements of Court of Claims Act § 11 (b).  The court also
denied claimant's trial motion to amend his claim to include
allegations of subsequent retaliation against him for filing a
grievance related to the cell search.  Finally, the court

dismissed so much of the claim that alleged that the cell search was a violation of claimant's constitutional rights and found that claimant had failed to prove that the correction officers who conducted the search had failed to follow Department of Corrections and Community Supervision Directive No. 4910. Claimant appeals.

We affirm.  Initially, "[p]ursuant to Court of Claims Act § 11 (b), a claim must set forth the nature of the claim, the time when and place where it arose, the damages or injuries and the total sum claimed" (Morra v State of New York, 107 AD3d 1115, 1115 [2013]; see Hogan v State of New York, 59 AD3d 754, 754 [2009]).  We agree with the Court of Claims that claimant's general allegations related to a conspiracy, and the failure of certain correction officers to investigate an unspecified complaint did not "provide a sufficiently detailed description of the particulars of the claim to enable [defendant] to investigate and promptly ascertain the existence and extent of [their] liability" (Sinski v State of New York, 265 AD2d 319, 319 [1999]; accord Morra v State of New York, 107 AD3d at 1115-1116).

Regarding the cell search, "Directive No. 4910 (V) (C) (1) allows an inmate to observe a cell search when the inmate is removed from the cell for a search, unless a determination is rendered that such presence constitutes a safety or security risk" (Matter of Johnson v Fisher, 109 AD3d 1070, 1071 [2013]). Here, even assuming that the correction officers who searched claimant's cell abused their discretion by not allowing him to be present, the officers "were nevertheless exercising a discretionary authority for which [defendant] has absolute immunity" (Holloway v State of New York, 285 AD2d 765, 766 [2001]).  The Court of Claims also properly dismissed claimant's 42 USC § 1983 cause of action, as a state is not a "person" under the statute (see Matter of Haywood v Drown, 556 US 729, 734 n 4 [2009]; Shelton v New York State Liquor Auth., 61 AD3d 1145, 1151 [2009]).  Claimant's NY Constitution causes of action were also properly dismissed, as alternative post-deprivation remedies were available (see Martinez v City of Schenectady, 97 NY2d 78, 83 [2001]; Waxler v State of New York, 33 AD3d 1180, 1181 [2006]). Finally, we find no basis to disturb the Court of Claims' determination that there was insufficient evidence in the record

to support claimant's allegations regarding violations of Correction Law § 137 or § 138 or various Department regulations. Claimant's remaining contentions, including that the Court of Claims erred in denying his motion to amend his claim, have been considered and found to be without merit.

Peters, P.J., Rose, Egan Jr. and Lynch, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court