State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    December 22, 2016                    522566
_____

ARTHUR BLAKE,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:    November 15, 2016

Before:   Garry, J.P., Egan Jr., Clark and Mulvey, JJ.

_____

        Arthur Blake, Coxsackie, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from an order of the Court of Claims (Collins, J.),
entered November 13, 2015, which granted defendant's motion to
dismiss the claim.

        Claimant, a prison inmate, commenced this action alleging
that prison staff prohibited the availability of legal material
that impeded his access to the courts, denied him due process in
challenging his improper removal from his program assignment,
threatened him for filing grievances and retaliated against him
by compromising his ability to file grievances through the
facility mail system.  Defendant answered and then moved to
dismiss the claim for lack of jurisdiction and failure to state a
cause of action.  The Court of Claims granted defendant's motion,
and this appeal ensued.

We affirm.  Although the claim was characterized as one for money damages, a review of the claim discloses that claimant was essentially seeking judicial review of actions by prison officials regarding the conditions of his confinement, including the denial of access to legal material, the breach of confidentiality rules regarding grievance matters and interference with the filing of grievances.  As alternative remedies are available to address these issues — including the grievance process, a CPLR article 78 proceeding or an action in the nature of mandamus — such claims were properly dismissed (see Flemming v State of New York, 120 AD3d 848, 849 [2014]; Deleon v State of New York, 64 AD3d 840, 840-841 [2009], lv denied 13 NY3d 712 [2009]; Matter of Salahuddin v Connell, 53 AD3d 898, 900 [2008]).  Furthermore, recognition of the state constitutional tort claims are unnecessary given the additional avenues of redress that are available (see Martinez v City of Schenectady, 97 NY2d 78, 83 [2001]; Shelton v New York State Liq. Auth., 61 AD3d 1145, 1150-1151 [2009]).  To the extent that claimant asserts claims pursuant to 42 USC § 1983, the state is not a "person" in that regard and the Court of Claims lacks jurisdiction over such claims (see Brown v State of New York, 89 NY2d 172, 184-185 [1996]; Flemming v State of New York, 120 AD3d at 849).

We also find no error in the Court of Claims' dismissal for failure to state a cause of action of the claims alleging improper removal of claimant from his prison job and assault.  An inmate has "no statutory or constitutional right to a prison job" (Evans v State of New York, 57 AD3d 1123, 1123-1124 [2008] [internal quotation marks and citation omitted], lv denied 12 NY3d 704 [2009]), and "[w]hether [claimant] ultimately will be entitled to the incidental monetary relief he seeks cannot be ascertained without reviewing the underlying administrative determination, which is a quintessential example of a dispute governed under CPLR article 78" (Matter of Salahuddin v Connell, 53 AD3d at 900 [internal quotation marks and citations omitted]).  Lastly, with regard to the claim of assault, claimant's allegations did not sufficiently set forth "physical conduct placing [him] in imminent apprehension of harmful contact" (Gould v Rempel, 99 AD3d 759, 760 [2012] [internal quotation marks and citation omitted]; see generally Guntlow v Barbera, 76 AD3d 760,

766 [2010], <u>appeal dismissed</u> 15 NY3d 906 [2010]).

Garry, J.P., Clark and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court