■ Antonio Oppenheimer, Appellant, v State of New York, Respondent. [60 NYS3d 524]—

McCarthy, J.P. Appeal from an order of the Court of Claims (McCarthy, J.), entered April 25, 2016, which, among other things, partially granted defendant's cross motion for summary judgment dismissing the claim.

On June 11, 2013, claimant, an inmate at a state correctional facility, was stopped on his way to the recreational yard by a female correction officer for a routine nonemergency pat frisk in accordance with Department of Corrections and Community Supervision Directive No. 4910. At the time of his stop, claimant was wearing a kufi prayer cap on his head as a practicing Muslim. According to claimant, his "religious belief forbids sufficient physical contact between men and women outside of marriage," as recognized by Directive No. 4910 § III (B) (3) (a). The pat frisk escalated and ultimately resulted in a misbehavior report charging claimant with refusing a direct order and refusing a search or frisk. Claimant was thereafter placed in prehearing confinement for 16 days pending a disciplinary hearing. Following the ensuing tier II disciplinary hearing, claimant was found guilty of both charges and a penalty of 30 days additional keeplock confinement was imposed. The hearing disposition was affirmed on administrative appeal. After claimant challenged that disposition in a CPLR article 78 proceeding, the disposition was administratively reversed and expunged, and this Court subsequently dismissed the proceeding as moot (*Matter of Oppenheimer v Griffin*, 123 AD3d 1214 [2014]).

In the meantime, claimant commenced this action in the Court of Claims seeking damages for the pat frisk and his ensuing confinement, asserting causes of action based on the federal and state constitutional free exercise rights, as well as the freedom of worship rights under Correction Law § 610. As to these causes of action, claimant alleged that the pat frisk by the female correction officer violated the tenets of his religion. Claimant also asserted a cause of action for wrongful confinement on the basis that he was confined in keeplock for a total of 46 days even though the Department's regulations limit the maximum penalty for a tier II disciplinary determination to 30 days. Following joinder of issue, claimant moved for summary judgment on his claim, arguing that the circumstances of the frisk and the subsequent expungement of the disciplinary determination demonstrated that his rights had been violated. Defendant opposed the motion and cross-moved for dismissal

of the claim on the grounds that the free exercise causes of action could not be asserted against it in the Court of Claims and that any prehearing time served is not required to be credited to a disciplinary sentence.[1] The Court of Claims denied claimant's motion and partially granted defendant's cross motion dismissing the constitutional free exercise causes of action and the Correction Law § 610 cause of action, but denied defendant's motion with respect to the wrongful confinement cause of action. Claimant now appeals.

Turning first to claimant's freedom of worship cause of action under Correction Law § 610, the statute provides that such claims may be asserted "in the supreme court of the district where [the correctional] institution is situated," which is the specific court that the Legislature "authorized and empowered to enforce the provisions of this section" (Correction Law § 610 [3]; *see Matter of Rivera v Smith*, 63 NY2d 501, 510 n 3 [1984]). By its terms, the statute creates a cause of action that may only be asserted in Supreme Court. Therefore, the Court of Claims did not err in dismissing this cause of action (*see Livingston v State of New York*, 55 Misc 3d 1216[A], 2016 NY Slip Op 51883[U], *2 [Ct Cl 2016], *affd for reasons stated below* 149 AD3d 1612 [2017]; *Ohnmacht v State of New York*, 14 Misc 3d 1231[A], 2007 NY Slip Op 50229[U], *3 [Ct Cl 2007]; *Gill v State of New York*, 13 Misc 3d 1223[A], 2006 NY Slip Op 51960[U], *2 [Ct Cl 2006]).

Addressing next claimant's federal constitutional free exercise cause of action, it is well settled that federal constitutional claims may not be asserted in the Court of Claims, given that the statutory basis for such claims, 42 USC § 1983, authorizes claims only against a "person" and defendant is not a person within the meaning of this statute (*see Haywood v Drown*, 556 US 729, 734 n 4 [2009]; *Brown v State of New York*, 89 NY2d 172, 184-185 [1996]; *Blake v State of New York*, 145 AD3d 1336, 1337 [2016], *lv denied* 29 NY3d 908 [2017]). Accordingly, this cause of action was also properly dismissed (*see Blake v State of New York*, 145 AD3d at 1337; *Flemming v State of New York*, 120 AD3d 848, 849 [2014]).

With respect to claimant's state constitutional cause of action, although such claims may be asserted in limited circumstances, they are "barred when a claimant has an alternative

---

1. Although defendant framed its motion as a motion to dismiss under CPLR 3211 (a) (2), (7) and (8), as it was made postanswer, "it was a CPLR 3212 motion for summary judgment that was based upon the CPLR 3211 (a) grounds asserted in [defendant's] answer" (*Matter of Andrews v State of New York*, 138 AD3d 1297, 1298 n 1 [2016], *lv denied* 27 NY3d 912 [2016]).

legal remedy to protect his or her constitutional rights" (*Deleon v State of New York*, 64 AD3d 840, 840 [2009], *lv denied* 13 NY3d 712 [2009]; *see Martinez v City of Schenectady*, 97 NY2d 78, 83-84 [2001]). Because claimant could assert his free exercise claim as a federal constitutional claim in federal court under 42 USC § 1983 or in state Supreme Court under Correction Law § 610, the Court of Claims properly dismissed the state constitutional cause of action (*see Flemming v State of New York*, 120 AD3d at 849; *Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1150 [2009]; *Waxter v State of New York*, 33 AD3d 1180, 1181 [2006]; *Lyles v State of New York*, 2 AD3d 694, 695-696 [2003], *affd* 3 NY3d 396 [2004]).

As for the wrongful confinement cause of action, claimant's motion for summary judgment was properly denied because he failed to submit any evidence to establish, prima facie, that his confinement for the entire 46-day period—that is, the 16 days spent in prehearing confinement plus the 30-day keeplock penalty—was unlawful and, as such, not privileged (*see generally Jackson v State of New York*, 94 AD3d 1166, 1167 [2012]). However, summary judgment should be granted to defendant dismissing this cause of action,[2] as nothing in the Department's pertinent regulations (*see* 7 NYCRR 251-1.6 [a]; 253.7 [a] [1] [iii]) requires that prehearing confinement be credited toward the maximum penalty imposed following a prison disciplinary hearing (*see Davis v State of New York*, 262 AD2d 887, 888 [1999]; *Matter of Melluzzo v Goord*, 250 AD2d 893, 895 [1998], *lv denied* 92 NY2d 814 [1998]; *Matter of Fama v Mann*, 196 AD2d 919, 920 [1993], *lv denied* 82 NY2d 662 [1993]). Accordingly, the claim should be dismissed in its entirety.[3]

Garry, Egan Jr., Devine and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion; motion granted in its entirety and summary judgment awarded to defendant dismissing claimant's wrongful confinement cause of action; and, as so modified, affirmed.

---

**2.** This Court has the authority to search the record and grant summary judgment to a nonappealing party (*see Bloom v Van Lenten*, 106 AD3d 1319, 1321 n [2013]).

**3.** To the extent that claimant argues that he was entitled to summary judgment based on the hearing officer's denial of a witness during the prison disciplinary hearing, the Court of Claims properly dismissed any such cause of action because the claim is devoid of any such allegation (*see Parsons v State of New York*, 31 AD2d 596, 597 [1968]).