Matter of Jackson v Annucci (2018 NY Slip Op 01687)





Matter of Jackson v Annucci


2018 NY Slip Op 01687


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

524998

[*1]In the Matter of TYRELL JACKSON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: January 23, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Tyrell Jackson, Romulus, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee, creating a disturbance and harassment. According to the report, while a correction officer was escorting petitioner and two other inmates to the mess hall, he gave petitioner an order to tuck in his shirt pursuant to the facility dress code. Petitioner refused the order and used profanity. Following a tier III disciplinary
hearing, petitioner was found not guilty of creating a disturbance, but guilty of the remaining three charges. Upon petitioner's administrative appeal, the charge of interfering with an employee was dismissed, but the determination was otherwise upheld. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony constitute substantial evidence supporting the determination of guilt (see Matter of Cunningham v Annucci, 153 AD3d 1491, 1491 [2017]; Matter of Gaston v Annucci, 148 AD3d 1447, 1447 [2017]). The correction officer involved testified that petitioner refused several orders to tuck in his shirt and, while [*2]doing so, directed profanity toward the officer. An inmate witness similarly testified that petitioner was given an order to tuck in his shirt "two or three" times, and petitioner admitted that he initially refused the order to tuck in his shirt. Although he argued that he refused the order because the facility dress code does not require the type of shirt he was wearing to be tucked in, "he was not entitled to engage in demonstrations or other forms of self-help, nor was he entitled on this basis to refuse to obey direct orders" (Matter of Amaker v Bezio, 98 AD3d 1146, 1146-1147 [2012] [internal citation omitted]; see Matter of Rico v Fischer, 112 AD3d 1249, 1249-1250 [2013]).
Petitioner contends that he was improperly denied certain videotape recorded on the day of the incident. At the hearing, a videotape of the incident from a camera view other than the one petitioner requested was played. Thereafter, when the Hearing Officer asked petitioner if he had any further testimony regarding the videotape that had been played or if he had any further requests, petitioner neither renewed his request for an additional videotape nor made any objection. Under such circumstances, his contention was not preserved for our review (see Matter of Wilson v Annucci, 148 AD3d 1281, 1282-1283 [2017]). Finally, petitioner was not entitled to have the time spent in prehearing confinement credited toward his 30-day keeplock penalty (see Oppenheimer v State of New York, 152 AD3d 1006, 1009 [2017]; Davis v State of New York, 262 AD2d 887, 888 [1999]). Petitioner's remaining claims, to the extent that they are properly before us, have been considered and found to be without merit.
Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.