Matter of Barnes v State of New York (2018 NY Slip Op 05643)





Matter of Barnes v State of New York


2018 NY Slip Op 05643


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

524681

[*1]In the Matter of ANTHONY BARNES, Appellant, 
v
STATE OF NEW YORK, Respondent.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Anthony Barnes, Marcy, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal of an order of the Court of Claims (Hard, J.), entered October 19, 2016, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.
In September 2015, claimant, a prison inmate at the Coxsackie Correctional Facility, filed a notice of intention to file a claim alleging, among other things, that his "privileged and personal mail" was tampered with in retaliation for prior unspecified grievances filed by claimant. Claimant did not take any further action on this matter until July 2016 when he filed an application for permission to file a late claim pursuant to Court of Claims Act § 10 (6). In support of his application, claimant asserted, for the first time, that from February 2015 through August 24, 2015 certain correction officers violated his constitutional rights when they interfered with his receipt of privileged legal mail in retaliation for his prior filing of grievances against them. The Court of Claims denied the application because, among other reasons, claimant had an alternative legal remedy and had not demonstrated an acceptable excuse for the delay. Claimant now appeals.
We affirm. A claim or notice of intention to file a claim to recover damages caused by the intentional tortious act of an officer or employee of defendant must be filed and served within 90 days after accrual of the cause of action (see Court of Claims Act § 10 [3-b]; Campos [*2]v State of New York, 139 AD3d 1276, 1277-1278 [2016]; Butler v State of New York, 126 AD3d 1247, 1247 [2015]). "Where, as here, such a claim is untimely, the Court of Claims has broad discretion in determining whether to grant or deny an application for permission to file a late
. . . claim and its decision will not be disturbed absent a clear abuse of that discretion" (Matter of Barnes v State of New York, 158 AD3d 961, 962 [2018] [internal quotation marks, brackets and citations omitted]; see Ortiz v State of New York, 78 AD3d 1314, 1314 [2010], affd 17 NY3d 389 [2011]; Matter of Brown v State of New York, 52 AD3d 1136, 1136 [2008]). "When entertaining an application for permission to file a late notice of claim, the court must consider the factors enumerated in Court of Claims Act § 10 (6), and, while no single factor is deemed controlling, this Court has consistently declined to disturb the denial of a claimant's application where the proposed claim is of questionable merit and inadequate excuses are offered for the delay in filing" (Matter of Barnes v State of New York, 158 AD3d at 962 [citations omitted]; see Ortiz v State of New York, 78 AD3d at 1314; Matter of Martinez v State of New York, 62 AD3d 1225, 1226 [2009]; Matter of Best v State of New York, 42 AD3d 699, 700 [2007]).
Upon reviewing claimant's application, we find that, beyond restating his claim, he has failed to provide an adequate excuse for the delay in filing his claim. To the extent that claimant contends that the delay is excusable because he filed a notice of claim in September 2015, that filing did not specify the time when his claim arose (see Court of Claims Act § 11 [b]), and, therefore, the deficient notice of intention did not extend the time to file a claim (see Sommer v State of New York, 131 AD3d 757, 758 [2015]; Langner v State of New York, 65 AD3d 780, 781-782 [2009]; Ferrugia v State of New York, 237 AD2d 858, 859 n [1997]; see also Court of Claims Act § 10 [3]). We further find, contrary to claimant's contention, that the proposed claim is without merit, as "[a] constitutional tort claim is barred when a claimant has an alternative legal remedy to protect his or her constitutional rights" (Deleon v State of New York, 64 AD3d 840, 840 [2009], lv denied 13 NY3d 712 [2009]; see Martinez v City of Schenectady, 97 NY2d 78, 83-84 [2001]; Blake v State of New York, 145 AD3d 1336, 1337 [2016], lv denied 29 NY3d 908 [2017]; Bullard v State of New York, 307 AD2d 676, 678-679 [2003]). The record reflects that claimant filed several administrative grievances alleging that his mail was intentionally tampered with by prison staff, and "claimant had an alternative legal remedy in the form of a CPLR article 78 proceeding challenging the administrative denial of his grievance[s]" (Deleon v State of New York, 64 AD3d 840-841; see Blake v State of New York, 145 AD3d at 1337; Watson v State of New York, 35 AD3d 985, 986 [2006], lv denied 8 NY3d 816 [2007]; cf. Oppenheimer v State of New York, 152 AD3d 1006, 1008 [2017]). Accordingly, the proposed claim is lacking in merit, and we therefore find no abuse of discretion in the denial of claimant's application to file a late claim.
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.