Franza v State of New York (2018 NY Slip Op 05641)





Franza v State of New York


2018 NY Slip Op 05641


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

524162

[*1]DOMINIC M. FRANZA, Appellant, 
v
STATE OF NEW YORK, Respondent.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Dominic M. Franza, Beacon, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Court of Claims (DeBow, J.), entered November 16, 2016, which granted defendant's motion to dismiss the claim.
Claimant, an inmate, commenced this action seeking damages for an alleged violation of his due process rights when the Board of Parole declined to release him to parole supervision following a hearing in 2015. Specifically, claimant alleges that his rights were violated when the Board denied his release without having promulgated "written procedures" that incorporate risk and needs principles in making parole release determinations, as required by the 2011 amendments to Executive Law § 259-c (4) (L 2011, ch 62, part C, subpart A, § 38-b). According to claimant, rather than promulgating written procedures, the Board only added risk and needs assessment to the factors to be considered in making parole release decisions (see Executive Law § 259-i [2] [c] [a]; 9 NYCRR former 8002.3), which was contrary to the Legislature's intent and rendered his parole proceeding unlawful. Defendant moved to dismiss the claim for failure to state a cause of action. The Court of Claims granted defendant's motion, prompting claimant's appeal.
We affirm. "[A]n agency of government is not liable for the negligent performance of a governmental function unless there existed a special duty to the injured person, in contrast to a general duty owed to the public" (McLean v City of New York, 12 NY3d 194, 199 [2009] [internal quotation marks and citation omitted]; see Signature Health Ctr., LLC v State of New [*2]York, 92 AD3d 11, 14 [2011], lv denied 19 NY3d 811 [2012]). Such a special relationship "can be formed in three ways: (1) when the [agency] violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the [agency] assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Pelaez v Seide, 2 NY3d 186, 199-200 [2004]; accord McLean v City of New York, 12 NY3d at 199).
Claimant contends that the Board breached a statutory duty in failing to promulgate the written provisions, as required by the 2011 amendments, establishing a special relationship. "To form a special relationship through breach of a statutory duty, the governing statute must authorize a private right of action" (Pelaez v Seide, 2 NY3d at 200; accord Signature Health Ctr., LLC v State of New York, 92 AD3d at 14). Inasmuch as Executive Law article 12-B, which sets forth the procedures governing parole, does not expressly authorize a private right of action for claimant to recover civil damages for a violation of its provisions, recovery may only be obtained if a private right of action may be implied (see McLean v City of New York, 12 NY3d at 200; Signature Health Ctr., LLC v State of New York, 92 AD3d at 14). "One may be fairly implied when (1) [claimant] is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme" (Pelaez v Seide, 2 NY3d at 200 [citation omitted]; accord McLean v City of New York, 12 NY3d at 200). "If one of these prerequisites is lacking, the claim will fail" (Pelaez v Seide, 2 NY3d at 200).
We agree with the Court of Claims that a private action may not be fairly implied here. The Legislature provides recourse under CPLR article 78 for inmates to address perceived instances where the Board did not satisfy its statutory obligations in making parole release determinations (see CPLR 7803; Signature Health Ctr., LLC v State of New York, 92 AD3d at 17; see e.g. Matter of Hawthorne v Stanford, 135 AD3d 1036 [2016]; Matter of Garfield v Evans, 108 AD3d 830 [2013])[FN1]. As the Legislature has established procedures for review of parole release decisions, "it is fair to infer that had it intended to create a private right of action . . ., it would have specifically done so" (Signature Health Ctr., LLC v State of New York, 92 AD3d at 17; see McLean v City of New York, 12 NY3d at 200-201). Accordingly, permitting a private action here would be inconsistent with the legislative scheme (see Signature Health Ctr., LLC v State of New York, 92 AD3d at 15-17). As to claimant's state constitutional tort claim, the recognition of such a claim is unnecessary "given the additional avenues of redress that are available" (Blake v State of New York, 145 AD3d 1336, 1337 [2016]; see Martinez v City of Schenectady, 97 NY2d 78, 83 [2001]). Accordingly, the Court of Claims properly granted defendant's motion to dismiss the claim for failure to state a cause of action. Claimant's remaining contentions have been considered and found to be without merit.
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Notably, claimant raised this issue in a CPLR article 78 proceeding challenging the Board's 2015 denial of parole release (Matter of Franza v Stanford, 155 AD3d 1291 [2017], lv denied 30 NY3d 911 [2018]). Supreme Court dismissed the petition finding, among other things, that the procedures followed by the Board complied with the statutory directives, and this Court affirmed (id. at 1291-1292).