Alsaifullah v State of New York (2018 NY Slip Op 08216)





Alsaifullah v State of New York


2018 NY Slip Op 08216


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

525375

[*1]TALIB ALSAIFULLAH, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Talib Alsaifullah, Albany, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the Court of Claims (McCarthy, J.), entered March 21, 2017, which granted defendant's motion to dismiss the claim.
Claimant, a prison inmate and practicing Shia (Shiite) Muslim, was incarcerated at Greene Correctional Facility when he alleges that his right to practice his faith was violated during two religious holidays. Claimant alleges that on September 19, 2016, he was deprived of his pre-dawn Suhur meal to commence the fast of the holy day Ghaidar Khum and, on September 26, 2016, correction officers made derogatory remarks about his religion and did not allow him to take food back to his dorm to celebrate the holy day Mubahala. In October 2016, claimant filed this claim alleging violations of the US and NY Constitutions, the Religious Land Use and Institutionalized Persons Act of 2000 (hereinafter RLUIPA) and Department of Corrections and Community Supervision (hereinafter DOCCS) Directive No. 4202. Defendant thereafter moved to dismiss the claim for, among other things, a lack of subject matter jurisdiction. The Court of Claims granted the motion and dismissed the claim. Claimant now appeals and we affirm.[FN1]
Claimant contends that the Court of Claims erred in dismissing his claim alleging violations of the NY Constitution. We disagree. While a private cause of action to recover monetary damages for state constitutional violations is permissible in certain limited situations (see Brown v State of New York, 89 NY2d 172, 177-178 [1996]; Shelton v New York State Liq. Auth., 61 AD3d 1145, 1150 [2009]), this narrow remedy does not apply where an adequate remedy is available to the claimant in an alternate forum (see Martinez v City of Schenectady, 97 NY2d 78, 83-84 [2001]; Matter of Barnes v State of New York, 164 AD3d 977, 978 [2018]; Oppenheimer v State of New York, 152 AD3d 1006, 1008-1009 [2017]; Deleon v State of New York, 64 AD3d 840, 840-841 [2009], lv denied 13 NY3d 712 [2009]). Here, claimant filed numerous grievances with respect to his claim that prison staff interfered with his free exercise of religion, and he had [*2]multiple alternative legal remedies that he could have pursued, including filing his free exercise claim as a federal constitutional claim in federal court (see 42 USC § 1983) or as an action pursuant to Correction Law § 610 in state Supreme Court (see Oppenheimer v State of New York, 152 AD3d at 1009; Flemming v State of New York, 120 AD3d 848, 849 [2014])[FN2]. Accordingly, the Court of Claims properly dismissed the claim.
McCarthy, J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that order is affirmed, without costs.



Footnotes

Footnote 1: Claimant failed to brief the dismissal of his federal constitutional claim, his RLUIPA claim and his DOCCS claim and, therefore, we deem these issues to be abandoned (see Dixon v State of New York, 153 AD3d 1529, 1529 n 1 [2017], appeal dismissed 30 NY3d 1087 [2018]).

Footnote 2: To the extent that claimant argues that the Court of Claims had jurisdiction to entertain his freedom of worship cause of action pursuant to Correction Law § 610, his claim is without merit. "[T]he statute provides that such claims may be asserted 'in the supreme court of the district where the correctional institution is situated,' which is the specific court that the Legislature 'authorized and empowered to enforce the provisions of this section'" (Oppenheimer v State of New York, 152 AD3d at 1008, [brackets omitted], quoting Correction Law § 610 [3]). Accordingly, this cause of action was also properly dismissed.