Jones v State of New York (2019 NY Slip Op 02930)





Jones v State of New York


2019 NY Slip Op 02930


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

525825

[*1]ROBERT JONES, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


Robert Jones, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Court of Claims (Sise, P.J.), entered August 22, 2017, which granted defendant's motion to dismiss the claim.
Claimant, a prison inmate, commenced this action alleging, among other things, that prison staff engaged in retaliatory measures against him for filing inmate grievances, filed baseless retaliatory misbehavior reports against him, denied him protective custody and law library access, and unlawfully discriminated against him because he is a sex offender. Defendant answered and then moved to dismiss based upon CPLR 3211 (a) grounds, including lack of subject matter jurisdiction and failure to state a cause of action [FN1]. The Court of Claims granted defendant's motion and dismissed the claim, and this appeal ensued.[FN2]
We affirm. "A claim or notice of intention to file a claim to recover damages caused by the intentional tortious act of an officer or employee of defendant must be filed and served within 90 days after accrual of the cause of action" (Matter of Barnes v State of New York, 164 AD3d 977, 977 [2018] [citations omitted]; see Court of Claims Act § 10 [3-b]). Claimant filed a notice of intention to file a claim on March 8, 2012. Upon defendant's motion, the Court of Claims [*2]properly dismissed as untimely the causes of action asserted in the claim that accrued more than 90 days prior to the filing of the notice of intention, i.e., prior to December 9, 2011 — including those asserted in paragraphs 6 through 13 of the claim — as the failure to satisfy the 90-day period divests the court of subject matter jurisdiction (see Court of Claims Act § 10 [3-b]; CPLR 3211 [a] [2]; Steele v State of New York, 145 AD3d 1363, 1364 [2016]; Campos v State of New York, 139 AD3d 1276, 1277-1278 [2016]; Baysah v State of New York, 134 AD3d 1304, 1305 [2015]; see also Kolnacki v State of New York, 8 NY3d 277, 281 [2007]).[FN3]
To the extent that claimant argues that some of the causes of action should not have been dismissed in that they are premised upon constitutional torts of a continuing nature, claimant waived any constitutional claims in his affidavit in opposition to the motion to dismiss, conceding that the constitutional claims had been raised "inadvertently."[FN4] In any event, "[w]hile a private cause of action to recover monetary damages for state constitutional violations is permissible in certain limited situations, this narrow remedy does not apply where an adequate remedy is available to the claimant in an alternate forum" (Alsaifullah v State of New York, 166 AD3d 1426, 1426 [2018] [internal citation omitted]; see Martinez v City of Schenectady, 97 NY2d 78, 83-84 [2001]; Brown v State of New York, 89 NY2d 172, 177-178 [1996]; Blake v State of New York, 145 AD3d 1336, 1337 [2016], lv denied 29 NY3d 908 [2017]). Here, claimant had numerous alternative legal remedies and forums in which to enforce his constitutional rights and his claimed denial of access to the courts, including a federal civil rights lawsuit in federal court, and, thus, these constitutional claims were properly dismissed (see Alsaifullah v State of New York, 166 AD3d at 1426-1427; Matter of Barnes v State of New York, 164 AD3d at 978; Franza v State of New York, 164 AD3d 971, 973 [2018], lv denied 32 NY3d 910 [2018]; Oppenheimer v State of New York, 152 AD3d 1006, 1008-1009 [2017]; Waxter v State of New York, 33 AD3d 1180, 1181-1182 [2006]). Moreover, "federal constitutional claims may not be asserted in the Court of Claims" (Oppenheimer v State of New York, 152 AD3d at 1008) and, thus, the claim was properly dismissed to the extent that it can be read as raising such causes of action.
Claimant's remaining causes of action were also properly dismissed. Although claimant seeks money damages, his allegations relate to various actions by prison officials regarding the conditions of confinement, including the delay or denial of access to notary, typing and copying services, delays in the delivery of legal mail and the failure to provide protective custody, library access and property protection [FN5]. Given that alternative remedies are available for review of these claims, such as the inmate grievance process and a special proceeding pursuant to CPLR article 78, these claims were properly dismissed (see Blake v State of New York, 145 AD3d at 1337). Further, any review of the various administrative determinations asserted in the claim, including claimant's numerous grievances and challenges to misbehavior reports as retaliatory, must occur in the context of a proceeding pursuant to CPLR article 78 (see Barnes v State of New York, 164 AD3d at 978; Blake v State of New York, 145 AD3d at 1337).
The claim also includes allegations that prison officials violated Correction Law §§ 112, 137 (5) and 138 (4). However, these statutory provisions do not expressly create a private [*3]right of action for an inmate to recover civil damages for violations thereof, and we agree with the Court of Claims that no such right may be fairly implied (see McLean v City of New York, 12 NY3d 194, 200 [2009]; Franza v State of New York, 164 AD3d at 972-973). Where, as here, a private right of action is not expressly provided in statutory provisions, one may be fairly implied only "when (1) the [injured party] is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme" (Pelaez v Seide, 2 NY3d 186, 200 [2004]; accord T.T. v State of New York, 151 AD3d 1345, 1347-1348 [2017]). In opposing defendant's motion, claimant has not cited, and we have not found, any authority supporting a finding that there is a private cause of action for violation of the provisions of the Correction Law at issue here [FN6]. Given that the inmate grievance program exists to address inmates' complaints and allegations of discriminatory treatment (see 7 NYCRR 701.1 [a]; Correction Law §§ 112 [1]; 139), and that judicial review may proceed pursuant to CPLR article 78, we do not find that implying a private right of action here would be consistent with the legislative scheme (see Franza v State of New York, 164 AD3d at 973). Finally, claimant's allegations that he had been threatened with physical harm if he filed future grievances "did not sufficiently set forth physical conduct placing him in imminent apprehension of harmful conduct" (Blake v State of New York, 145 AD3d at 1337 [internal quotation marks, brackets and citation omitted]). We have reviewed claimant's remaining contentions and find that they lack merit and, accordingly, the claim was properly dismissed.
Egan Jr., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although defendant labeled this motion as a motion to dismiss under CPLR 3211 (a) (2), (7) and (8), the motion was made postanswer and, thus, it was a CPLR 3212 motion for summary judgment that was based upon the CPLR 3211 (a) grounds asserted in defendant's answer (see Matter of Andrews v State of New York, 138 AD3d 1297, 1298 n 1 [2016], lv denied 27 NY3d 912 [2016]; Chenango Contr., Inc. v Hughes Assoc., 128 AD3d 1150, 1151 [2015]).

Footnote 2: Although the notice of appeal contains an incorrect entry date, in the exercise of our discretion, we will overlook the defect and treat the notice of appeal as valid (see CPLR 5520 [c]; Cohen v Cohen, 146 AD3d 1040, 1040 n 2 [2017]).

Footnote 3: Claimant asserted new causes of action in his claim that were not in his notice of intention, some of which accrued after the notice of intention was filed and more than 90 days prior to service and filing of the claim. However, this timeliness objection was not raised in defendant's answer or motion to dismiss and, accordingly, it was waived (see Court of Claims Act § 11 [c]; cf. Steele v State of New York, 145 AD3d at 1364).

Footnote 4: Only two paragraphs in the claim specifically refer to a constitutional violation, and several others contain factual allegations of unlawful discrimination and due process violations that may have a constitutional basis.

Footnote 5: An inmate's claim for damages due to property being harmed or lost requires exhaustion of administrative remedies (see Court of Claims Act § 10 [9]; Young v State of New York, 138 AD3d 1357, 1358 [2016]).

Footnote 6: Relevant here, Correction Law § 112 (1) sets forth the powers and duties of the Commissioner of Corrections and Community Supervision relating to correctional facilitates, including inmate discipline. Correction Law § 137 (5) prohibits "degrading treatment" of inmates and the infliction of corporal punishment except in certain limited circumstances. Correction Law § 138 (4) prohibits disciplining inmates "for making written or oral statements, demands, or requests involving a change of institutional conditions, policies, rules, regulations, or laws affecting an institution."